IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NO. WR-51,613-09






EX PARTE LARRY RAY SWEARINGEN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 99-11-06435-CR FROM THE 9TH DISTRICT COURT


OF MONTGOMERY COUNTY





 Price, J., filed a dissenting statement in which Holcomb, J., joined.


DISSENTING STATEMENT



 The applicant now presents new histological evidence that the victim's body could not
have been left in the forest more than two or three days before it was found, strongly
suggesting that she was murdered at a time when the applicant was secure in the county jail. 
Moreover, at the present time, all the forensic pathologists seem to agree that the body could
not have been deposited in the forest for long enough to allow for the possibility that the
applicant placed it there. Even the medical examiner who testified at trial that the body could
have been in the forest since around the time that the victim first disappeared has since
revised her opinion. Based upon the new histological evidence, the applicant raises a number
of claims, including a naked claim of actual innocence under Ex parte Elizondo. (1) In her
concurring statement, Judge Cochran catalogs the circumstantial evidence that has been
marshaled against the applicant to argue that he cannot satisfy the standard for relief in an
Elizondo claim.

 That may well be. But the applicant also argues that his trial counsel were ineffective
for failing even to explore the histological evidence, in an effort to prove that the applicant
could not have been the killer. (2) The applicant should be allowed to pursue this claim so long
as he can satisfy the lesser standard for innocence embodied in the "gateway" provision of
Article 11.071, Section 5(a)(2) of the Code of Criminal Procedure. (3) While the applicant may
not be able to show by clear and convincing evidence (the Elizondo standard) that no
reasonable jury would convict him when the new histological evidence is added to the
evidentiary mix, (4) I believe he has at least shown by a preponderance of the evidence (the
Article 11.071, Section 5(a)(2) standard) that he would not have been convicted but for the
ineffectiveness of his trial counsel in failing to investigate and present that evidence.

 I would therefore permit the appellant to at least pursue his claim of ineffective
assistance of trial counsel. Because by its order the Court does not, I respectfully dissent.


Filed: January 27, 2009

Do Not Publish
1. 947 S.W.2d 202 (Tex. Crim. App. 1996).
2. Trial counsel have said in the past that their strategy was to challenge the strength of the
State's evidence of the predicate felonies that elevated the offense to a capital murder. Accepting
these assertions as true, trial counsel in a capital murder trial would still have had an obligation to
at least investigate other plausible approaches (such as to investigate the forensic pathology). Proof
that their client was incarcerated at the time that histological evidence strongly suggests the victim
was murdered and her body dumped would not have been inconsistent with their avowed trial
defense. There was no reason not to seek a forensic expert and at least investigate the viability of
such a challenge to the murder itself. Knowing that their client had been in jail since shortly after
the victim disappeared, but weeks before her body was found, should have suggested the advisability
of such an investigation to any reasonably qualified capital defense practitioner.
3. Tex. Code Crim. Proc. art. 11.071, § 5(a)(2) (subsequent capital habeas applicant can have
his claim considered on the merits if his "application contains sufficient specific facts establishing
that . . . by a preponderance of the evidence, but for a violation of the United States Constitution no
rational juror could have found the applicant guilty beyond a reasonable doubt").
4. Ex parte Elizondo, supra, at 209.